# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
CORINNA CARLSON, parent of       \*
P.C.B., a minor,                 \*    No. 14-623V
              Petitioner,    \*    Special Master Christian J. Moran
                              \*
v.                               \*    Filed: October 28, 2015
                                 \*
SECRETARY OF HEALTH              \*    DTAP; Hib; IPV; rotavirus;
AND HUMAN SERVICES,              \*    respiratory failure; TBI; subdural
                                 \*    hematomas; seizures; hypoxic-
              Respondent.    \*    ischemic encephalopathy; decision
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   dismissing petition.

<u>Edward M. Kraus</u>, Law Offices of Chicago Kent, Chicago, IL, for petitioners.
<u>Lynn E. Ricciardella</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## **UNPUBLISHED DECISION DENYING COMPENSATION[1]**

     Corinna Carlson, on behalf of her minor daughter, P.C.B., filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 <u>et</u> <u>seq</u>., on July 18, 2014. The petition alleged that P.C.B. suffered an adverse reaction to the Pentacel (DTaP, Hib, and IPV) and rotavirus vaccines administered on July 18, 2011. The information in the record, however, does not show entitlement to an award under the Program.

### I.   **Procedural History**

     On July18, 2014, Ms. Carlson, on behalf of their minor child, P.C.B., filed a petition alleging that P.C.B.'s respiratory failure, traumatic brain injury, subdural hematomas, seizures, hypoxic-ischemic encephalopathy, shock and resulting developmental delays were more likely than not caused by the vaccines she received on July 18, 2011.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa—12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On July 15, 2015, respondent filed a Rule 4(c) report in which she concluded that petitioner had failed to fulfill the criteria for a Vaccine Table injury and failed to demonstrate by a preponderance of the evidence that P.C.B.'s injuries were caused-in-fact by the vaccines P.C.B. received on July 18, 2011.  Respondent's Report at 11-12.  Respondent noted that though petitioner put forth a medical theory of causation, "tissue scurvy," it is not a recognized disorder in any medical textbook, and no references to it were found during a literature search on PubMed.  Further, P.C.B. did not have the abnormalities associated with "tissue scurvy" as described as part of the "tissue scurvy" condition.  Id. at 10.  Additionally, an expert medical opinion was not filed in the case. Id.

On July 29, 2015, petitioner was ordered to file an expert report by September 28, 2015.  On September 28, 2015, petitioner's counsel filed a motion for an extension of time to file an expert report, which was granted until October 28, 2015.  A status conference was then scheduled for November 4, 2015.

On October 21, 2015, petitioner moved for a decision dismissing her petition.  They noted that "[a]n investigation of the facts and science supporting their case has demonstrated . . . that at this time she will be unable to prove that her child is entitled to compensation in the Vaccine Program."  Mot. for a Decision Dismissing Her Petition at ¶ 1.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§  300aa—13(a)(1)(A) and 300aa—11(c)(1).  An examination of the record did not uncover any evidence that P.C.B. suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that P.C.B.'s injuries are vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa—13(a)(1).  In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support.  Petitioner has, however, have offered no such opinion.  Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that P.C.B. suffered a "Table Injury" or that P.C.B.'s injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
